SAM EMMANUEL AND WINIFRED EMMANUEL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56727.    Filed September 30, 1957.

*Harold A. Pebbles, Esq.,* and *C. L. Stickney, C. P. A.,* for the petitioners.

*John O. Durkan, Esq.,* for the respondent.

TIETJENS, *Judge:* The Commissioner determined deficiencies in income tax in the amounts of $768.26, $583.24, and $188.42 for the respective years 1949, 1950, and 1951.

The only question for decision is the deductibility in 1952 of legal fees purported to have been paid in that year by two assignments of cash bail on deposit in court in connection with pending criminal litigation against Sam Emmanuel. The year 1952 is involved because of a net operating loss carryback from that year.

Concessions made at the trial with respect to other adjustments will be reflected in a Rule 50 computation.

### FINDINGS OF FACT.

Petitioners are husband and wife residing in Seattle, Washington. The income tax returns for the years in question were filed with the collector of internal revenue for the district of Washington at Tacoma, Washington.

Petitioner Sam Emmanuel was involved in two criminal cases, one in Thurston County, Washington, entitled "State of Washington versus Sam Emmanuel" and another in Lewis County, Washington. The Thurston County case was ultimately dismissed in 1957. The record does not show the date of final disposition of the Lewis County case.

Sam employed counsel in both cases and deposited cash bail of $5,000 with the court in the Thurston County case and $1,000 in the Lewis County case.

On July 10, 1953, Sam assigned the cash bail deposited in Thurston County to his attorneys in payment of their fees. At the time of the assignment the attorneys agreed with him that the bail money would be left with the court until the case was disposed of because, otherwise, Sam would have been required to make other arrangements for bond. The record does not show when the $5,000 was actually turned over to the attorneys.

The $1,000 bail on deposit in the Lewis County case was assigned by Sam in payment of his attorneys' fees in connection with that case in 1952. The record does not show when the money was finally paid to the attorneys or when the case was finally disposed of.

The petitioners claimed in their return a deduction for legal fees for the year 1952 in the sum of $11,500. The Commissioner allowed $3,064.50 and disallowed the balance, amounting to $8,435.50.

In their petition, petitioners assign error in the Commissioner's disallowance of $8,435.50 of the deduction claimed by them as legal fees for the year 1952.

At the trial the Commissioner conceded that instead of $3,064.50, petitioners are entitled to deduct as legal fees for 1952 the amount of $5,500, leaving in issue the remainder of the claimed deduction, or $6,000.

*Ultimate Conclusion.*

The $5,000 bail money deposited with the court in the Thurston County case, which was assigned by Sam on July 10, 1953, may not be deducted as legal fees or otherwise for the year 1952.

It has not been proved that the $1,000 bail money deposited in Lewis County is deductible in 1952.

#### OPINION.

In their petition petitioners claim a net operating loss carryback from 1952 in the amount of $7,706.37. In part this arises from the contention that additional legal fees in the amount of $8,435.50 which the Commissioner disallowed should be allowed as a deduction in 1952. The Commissioner has conceded that an additional deduction of $2,435.50 is properly allowable in 1952. He argues, however, that the remaining $6,000 claimed by petitioners is not deductible in 1952, and we agree.

With reference to the $5,000 bail deposited in Thurston County the assignment to the attorneys was not made until July 10, 1953. This could not constitute payment in 1952. The year 1953 is not before us as no issue has been framed by the pleadings with reference to that year. Petitioners argue that we have authority under sections 1311 *et seq.*, I. R. C. 1954, to make some kind of an adjustment with reference to the deductibility of the $5,000 amount in 1953. We have studied those sections, but find in them no such authority. So far as the record before us goes, the year 1953 is not before us and we make no findings with reference to payment in that year.

With respect to the $1,000 bail deposited in connection with the Lewis County case the record falls short of proving that petitioners are entitled to a deduction in that amount in 1952. While the assignment was made in that year there is no evidence to show when the case was concluded or when the attorney to whom the assignment was made actually took down the money.

Furthermore, there is no showing that the mere assignment of the bail bond, even though it was a cash bond, had a market value of $1,000 at the time of the assignment.

The following provisions with respect to cash bail are made in the Revised Code of Washington:

10.19.070 **Cash bail.** The defendant may, in the place of giving bail, deposit with the clerk of the court to which he is held to answer, the sum of money mentioned in the order, and upon delivering to the sheriff the certificate of deposit, he must be discharged from custody.

The provisions with respect to forfeiture of bail are also important.

10.19.080 **Forfeiture of bail—When entered.** If without sufficient excuse the defendant neglect to appear for trial or judgment, or upon any other occasion

**1308**

when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the default to be entered upon its minutes and the recognizance of bail, or money deposited as bail, as the case may be, is thereupon forfeited.

These provisions make it apparent that Sam as defendant in the criminal case had no present right to the cash bail. Whether it would ever be returned to him depended upon a number of contingencies and uncertainties. The assignee could have no greater rights to the bail than Sam had. Had the bond been discharged in 1952, the year of assignment, and the money paid over to the assignee in that year a different question would be presented. The evidence does not show when this was accomplished and there is here no showing that the assignment of the bail had any market value in 1952. In other words, there is not sufficient evidence to show that payment of the claimed $1,000 deduction was made in the year 1952.

The cases cited by petitioners have been carefully studied but we cannot find in them any help.

We hold that petitioners have failed in their burden of proof to show that they were entitled to deduct in 1952 the $1,000 bail money deposited with the court in Lewis County.

It is noted in passing that it was assumed by counsel at the trial of this case that the assignment of the $5,000 bail was made in 1952 instead of 1953. It is evident that this assumption was incorrect. However, it was inadvertent and no element of any attempt to mislead the Court was present.

*Decision will be entered under Rule 50.*